# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Physician Specialty Pharmacy, LLC, | No. 18-cv-1044 (MJD/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Prime Therapeutics, LLC, | |
| Defendant. | |

Adrienne Dresevic and Robert J. Dindoffer, The Health Law Partners, P.C., 32000 Northwestern Highway Suite 240, Farmington Hills, MI 48334 and Elizabeth R. Odette and Kristen G. Marttila, Lockridge Grindal Nauen P.L.L.P., 100 Washington Avenue South, Suite 2200, Minneapolis, MNN 55401 (for Plaintiff); and

Christine Lindblad, Meghan M.A. Hansen, Ellie J. Barragry, and Alex L. Rubenstein, Fox Rothschild LLP, 222 South Ninth Street, Minneapolis, MN 5540 (for Defendant).

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF No. 68). Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court will grant Plaintiff's motion.

## I. BACKGROUND

On April 18, 2018, Physician Specialty Pharmacy, LLC ("PSP") filed suit against Prime Therapeutics, LLC ("Prime"), alleging a variety of federal and state law claims. (ECF No. 1). PSP filed an amended complaint two days later. (ECF No. 6). The complaint centered on allegations that Prime unlawfully withheld payments from PSP and that Prime terminated PSP from its pharmacy network in order to benefit a partnership between Prime and Walgreens.

1

Prime moved to dismiss. (ECF No. 18). The motion was referred to this Court for a Report and Recommendation. (ECF No. 25). Following argument in the matter, this Court recommended that the federal claims be dismissed for failure to state a claim and that the state law claims be dismissed for lack of jurisdiction. (ECF No. 62). This Court also recommended that PSP be allowed to file an amended complaint. Both parties objected to the Report and Recommendation. (ECF Nos. 64 and 65).

Before the District Judge could rule on the Report and Recommendation, PSP filed a motion for leave to file a second amended complaint. (ECF No. 68). In response, Prime sought an urgent telephonic hearing, asking that the Court not consider the motion because objections to the Report and Recommendation were pending and because PSP did not meet-and-confer with Prime before filing the motion. (ECF No. 73). Alternatively, Prime sought an additional 30 days to respond to the motion. (ECF No. 73). The Court denied the request for a telephonic conference, but extended the deadline for Prime to respond to PSP's motion until April 17, 2019. (ECF No. 74). The Court rescheduled the motion hearing for April 24, 2019.

Shortly thereafter, the District Judge adopted the Report and Recommendation, concluding "that PSP has failed to plausibly plead antitrust claims under federal law and that PSP should be allowed the opportunity to file an amended complaint." (ECF No. 75). The District Judge declined to address whether it was appropriate to exercise supplemental jurisdiction over the state law claims. (ECF No. 75).

Prime then filed its memorandum in opposition to PSP's motion for leave to file a second amended complaint. (ECF No. 77). Prime's memorandum was 54 pages long and

11,997 words, just three words short of the word limit provided for by the Court's local rules. LR 7.1(f). With the exception of one page in its memorandum, Prime argued that the Court should deny PSP's motion because the proposed amendments would be futile. Prime also filed a declaration containing approximately 130 pages of exhibits. (ECF No. 78).

This time it was PSP's turn to file a letter seeking an urgent telephonic hearing. (ECF No. 79). PSP argued that Prime's memorandum constituted an "an improperly-filed motion to dismiss." (ECF No. 79). PSP asked that the Court strike Prime's memorandum or provide it "equal and adequate time to reply." (ECF No. 79). PSP requested an additional 30 days to draft such a memorandum. (ECF No. 79). Prime file a letter opposing PSP's requests. (ECF No. 80).

## II. MOTION TO AMEND

Once 21 days have passed after service of a responsive pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Although leave to amend 'shall be freely given when justice so requires,' *see* Fed. R. Civ. P. 15(a), plaintiffs do not have an absolute or automatic right to amend." *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citing *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002)). The Court may deny a party's request for leave to amend only "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir.

2008)). "[A] motion to amend should be denied on the merits 'only if it asserts clearly frivolous claims or defenses.'" *Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999) (quoting *Gamma–10 Plastics, Inc. v. American President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1994)).

It is appropriate to grant leave to amend here for several reasons. First, the Court has already considered whether it would be possible for PSP to plead sufficient facts to support a plausible federal antitrust claim. The Court concluded that such a pleading was possible and therefore determined that it would be in the interest of justice to permit PSP to file an amended complaint. Such a result is common after a court grants a motion to dismiss, particularly in a complex case such as this. *See Medafor, Inc. v. Starch Medical, Inc.*, No. 09-cv-441, 2009 WL 2163580, at *2 (D. Minn. July 16, 2009) (permitting party to file amended complaint "to cure the deficiencies identified in this opinion"); *In re Buca Inc. Sec. Lit.*, No. 05-cv-1762, 2006 WL 3030886, at *17 (D. Minn. Oct. 16, 2006) (granting leave to file new complaint "focusing" on deficiencies raised by court's order granting motion to dismiss); *In re Navarre Corp. Sec. Lit.*, No. 05-cv-1151, 2006 WL 1795141, at *4 (D. Minn. June 28, 2006) (granting leave to replead following decision on motion to dismiss). The Court's decision is also consistent with United States Supreme Court precedent holding that decisions should be reached on the merits of claims, rather than on "mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962).[1] The District Judge expressly adopted this Court's recommendation on this issue. As a result, the Court

---

[1] The Court noted, however, that PSP should receive only one more opportunity to amend its complaint.

sees no reason to now alter its conclusion on this issue.

Second, the crux of Prime's argument is that PSP's proposed amendments are futile. A motion for leave to amend a pleading is futile when the amended pleading would not be able to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). As a result, were the Court to consider the futility of PSP's proposed amendments, it would be, at least indirectly, ruling on the merits of that motion. A motion to dismiss under Rule 12(b)(6), however, is a dispositive motion that the District Judge must hear directly or review via a Report and Recommendation from the Magistrate Judge. D. Minn. L.R. 7.1(c)(6)(B). Therefore, it is more appropriate for this Court to "permit the amendment" and allow the claims to go forward, so that they may be considered in a proper motion to dismiss. *Arcaro v. City of Anoka*, No. 13-cv-2772, 2014 WL 12605451, at *3, (D. Minn. July 16, 2014). Such a result would ensure that the parties litigate this matter in front of the appropriate judge and pursuant to the briefing schedule and procedure provided for in this district's local rules. *See* D. Minn. L.R. 7.1(c)(1)-(3); D. Minn. L.R. 7.1(c)(5)(iii). This process would facilitate a proper decision on the merits of PSP's complaint.[2]

Finally, Prime provides no compelling reason why PSP's motion should be dismissed on non-futility grounds. Prime merely alleges that PSP's undue delay in bringing

---

[2] Prime filed a letter identifying a number of cases, including several decided by this Court, where a motion to amend was denied on futility grounds. (ECF No. 80). In this case, however, the Court already determined that PSP should be permitted to file an amended complaint in its Report and Recommendation and the District Judge adopted that recommendation. Moreover, the complex and involved nature of this case requires that the merits of the amended complaint be considered in a more orderly fashion through a proper motion to dismiss.

5

this motion warrants relief. But undue delay alone "is insufficient to deny leave to amend a complaint." *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.,* 326 F.R.D. 513, 527 (D. Minn. 2018) (citing *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th Cir. 1981)). Instead, there must be some showing that undue delay will cause the non-moving party to suffer unfair prejudice. *Id*. Prime does not, however, identify what, if any, prejudice it will suffer from PSP's delay. Thus, the Court will grant PSP's motion.

It is unusual for the Court to decide a motion like this on the papers, particularly when a hearing has been scheduled on the matter. But it is apparent from the parties' submissions that there has been a breakdown in communication between the respective sides. Neither party has been able to file a submission regarding this motion without the other side seeking an "urgent" telephone conference with the Court, usually within a day or so of the relevant filing. If PSP were now permitted to file a reply brief, Prime would likely seek an opportunity to file a sur-reply brief. In fact, it would be quite reasonable for Prime to do so, given that the parties are essentially attempting to turn a motion for leave to amend into a motion to dismiss. In a motion to dismiss, Prime would be the moving party and therefore would ordinarily be permitted to make the final written submission to the Court before oral argument.

The parties' respective positions make clear that while the only issue before the Court is whether leave to amend should be granted, they are ready to litigate a motion to dismiss. That is exactly what the Court will permit to happen. PSP shall be given seven days to file their amended complaint. Prime will then have an opportunity to respond to that complaint in the manner it sees fit. Should Prime move to dismiss, this matter will be

6

ripe for consideration by the appropriate court after having been briefed via the appropriate briefing schedule.

The Court appreciates that this is a complex case and that there is considerable tension between the parties, given their long-running dispute. It is the Court's hope, however, that the parties will have meaningful meet-and-confers to explore ways to proceed in a more orderly and less contentious manner on any future need for dispositive and non-dispositive motion practice.[3]

## III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to File Second Amended Complaint. (ECF No. 68) is **GRANTED**. Plaintiff shall file its amended complaint within seven days of the date of this Order.

2. The April 24, 2019 motion hearing on this matter is hereby stricken from the Court's calendar.

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including

---

[3] For example, it is the Court's experience that when futility is the basis for opposing an amended complaint, counsel are ordinarily able to stipulate to the filing of an amended complaint, followed by a briefing schedule for a motion to dismiss.

without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: April 19, 2019                              *s/ Tony N. Leung*
                                                  Tony N. Leung
                                                  United States Magistrate Judge
                                                  District of Minnesota

                                                  *Physician Specialty Pharmacy, LLC v.*
                                                  *Prime Therapeutics, LLC*

                                                  No. 18-cv-1044 (MJD/TNL)