# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

___

| | |
|---|---|
| Physician Specialty Pharmacy, LLC, | Civil No. 18-cv-1044 (MJD/TNL) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Prime Therapeutics, LLC, | |
| Defendant. | |

___

Adrienne Dresevic and Robert Dindoffer, The Health Law Partners and Elizabeth R. Odette, Lockridge Grindal Nauen PLLP, Counsel for Plaintiff.

Christine Lindblad and Ellie J. Barragry, Fox Rothschild LLP, Counsel for Defendant.

___

This matter is before the Court on Defendant Prime Therapeutics, LLC's ("Prime") motion for attorney's fees and costs. Plaintiff Physician Specialty Pharmacy, LLC ("PSP") opposes the motion.

I.  **Background**

PSP is a specialty pharmacy located in Florida that had a substantial number of customers in Alabama. Prime is a pharmacy benefits manager ("PBM") that manages the prescription drug benefits for Blue Cross and Blue

1

Shield of Alabama. For several years, PSP filled prescription claims for Prime's beneficiaries, but in December 2015, Prime began to conduct a series of audits concerning PSP's claims to Prime for payment. While the audits were conducted, Prime refused to pay PSP for any prescriptions it dispensed to a Prime member.

On May 16, 2016, Prime terminated PSP from its pharmacy network.

In April 2017, Prime announced the creation of AllianceRx; a joint venture with Walgreens to provide specialty and mail-order pharmacy services.

In April 2018, PSP brought this action against Prime. Counts I through XV assert claims under Minnesota and Florida law. Count XVI asserts a number of antitrust violations under Sections 1 and 2 of the Sherman Act and Sections 3 and 7 of the Clayton Act, 15 U.S.C. § 1 et seq.

By Order dated September 18, 2019, this Court adopted the recommendations of the Magistrate Judge and dismissed the antitrust claims with prejudice and declined to exercise supplemental jurisdiction over the state law claims. PSP has refiled its state law claims in Florida state court.

## II. Motion for Attorney's Fees

Prime moves this Court for an award of attorney's fees and costs incurred defending against the antitrust claims that have been dismissed with prejudice. Prime asserts it is entitled to such an award pursuant to the Pharmacy Participation Agreement ("PPA") that Prime asserts governed the relationship between the parties.

Section 9.10.1 of the PPA provides "In any legal action between the parties hereto arising out of this Agreement, the prevailing party, if one exists, shall be entitled to recover reasonable attorneys' fees and costs, including reasonable expert witness fees, in addition to any other remedies." (Lindblad Aff., Ex. 8 (PPA at 15).) It is Prime's position that because it prevailed with respect to the antitrust claims, and that the antitrust claims arose out of the PPA, it is entitled to those fees and costs attributable to defending those claims.

Based on the submissions of counsel and the record herein, the Court finds that Prime has not demonstrated that it is entitled to the requested attorney's fees and cost.

The PPA was executed by Prime and TriNet Pharmacy NCPDP ("TriNet") on November 30, 2007. TriNet is a pharmacy services administrative

organization ("PSAO") and executed the PPA "on behalf of itself and its Participating Pharmacies, as defined herein. . . . and sets forth the terms and conditions under which [TriNet] and Participating Pharmacies will provide Prescription Drug Services and other services in connection with Prime's administration of prescription drug benefits in Prime's pharmacy networks." (Id. at 1.)

Prime asserts that although PSP is not a signatory to the PPA, the only way a pharmacy such as PSP can access Prime's network is when it contracts with a PSAO such as TriNet. Prime asserts that effective October 23, 2014, PSP enrolled with TriNet as its PSAO. (Lindblad Aff. Ex. 6.) Prime further asserts that as PSP's agent, TriNet authorized PSP's participation in Prime's network through the PPA and in return PSP agreed to be bound by the terms of the PPA. The record contains no evidence of a contract between PSP and TriNet to support this assertion. Prime cites to the termination letter sent to PSP from TriNet after PSP was terminated from Prime's network, which refers to a contract between them. (Id. Ex. 7.) Notably, the agreement referred to in this letter has not been made a part of the record in this case. (Lindblad Aff. ¶¶ 24 and 25.) As a result, there is

no basis upon which the Court could construe PSP's contractual obligations as the relevant contract is not a part of the record in this case.

Regardless, even if PSP was bound by the PPA – which is a matter that should be resolved in the Florida state court action – the antitrust claims asserted by PSP did not arise out of the PPA. Instead, the claims arise out of federal statutory law. (See SAC, Count XVI – alleging that Prime violated Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 1, and Sections 3 and 7 of the Clayton Act, 15 U.S.C. § § 14 and 18 by engaging in anticompetitive conduct such as entering into an unlawful contract, combination or conspiracy to restrain trade, a conspiracy to monopolize and by entering into an anticompetitive merger with Walgreens to provide pharmacy services).

Accordingly,

IT IS HEREBY ORDERED that Defendant Prime Therapeutics, LLC's Motion for Attorney's Fees and Costs [Doc. No. 122] is DENIED.

Date: December 19, 2019

s/ Michael J. Davis<br>
Michael J. Davis<br>
United States District Court